### UNITED STATES v. BOOKBINDER.

(District Court, E. D. Pennsylvania. February 11, 1922.)

No. 78 June Sess., 1921.

1. **Criminal law** ⚖️694—**Motion to quash search warrant held proper procedure.**

Where accused was indicted for violation of liquor laws, and intoxicating liquors in his possession had been seized by a search warrant, and the admissibility of the seized liquor in evidence in his trial depended on the lawfulness of the seizure, a motion, before the trial, to quash the

warrant as unlawful, *held* a proper mode of procedure to determine such preliminary question of admissibility.

2. **Searches and seizures** ⚖⟿7—**Defendant entitled to constitutional protection, even though enabling him to escape justice.**

The fact that the effect of according the right to a particular person to be secure from unreasonable searches and seizures under Const. U. S. Amend. 4, may be that he will go unwhipped of justice, cannot determine the court's action.

3. **Searches and seizures** ⚖⟿7—**Warrant held properly issued on averment that liquors to be searched for were smuggled.**

A search warrant issued on affidavit that liquors were smuggled, under the acts governing seizures of smuggled property, *held* issued on "probable cause," and was not a violation of Const. U. S. Amend. 4; it not being necessary that facts be averred in the affidavit and recited in the warrant which would make out a prima facie case against accused, or that the affidavit to those facts be made out by some one whose testimony would be evidentiary.

Prosecution by the United States against Emanuel Bookbinder. On motion to quash search warrant, etc. Motion denied.

T. Henry Walnut, Asst. U. S. Atty., and George W. Coles, U. S. Atty., both of Philadelphia, Pa.

J. Washington Logue, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. Some questions were raised respecting the formalities attending the presentation of what we regard to be the substantial question before us. These formalities we will ignore, in order to get directly to this real question. It may be best presented by following the mode of presentation adopted by counsel for defendant. This is to view it from the standpoint of the purpose of counsel for defendant in raising the question.

[1, 2] The defendant is under indictment. It is allowable to anticipate the trial situation as it will or at least may arise. Intoxicating liquors were seized by the authority of the search warrant in question. These liquors are now in the custody of, or under the control of, the district attorney. They will, or at least may, be produced in evidence against the defendant. If the seizure of them was lawful, no objection to the admission of the evidence could be sustained. If, on the other hand, they were seized in violation of the defendant's constitutional rights, the trial court, in upholding these rights, would not permit any evidentiary use to be made of what had thus been unlawfully seized. A consequence is that the court could not determine the course of its action without first finding whether the seizure was lawful or unlawful. The purpose of this motion is to have this preliminary question determined in advance of trial. We see nothing in this which runs counter to any principles of either procedural or substantive law, and we do see in it much practical value. This view persuades us to meet the question now.

It is admitted, as it must be, that this defendant is within the protection of the constitutional principles voiced in the Fourth Amendment to the Constitution of the United States. The right invoked is

⚖⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the right of every one to be secure in his person and effects against unreasonable searches and seizures. The plain duty of every court is to obey the plain command of the law that this right shall be kept inviolate. The fact, even though it be a fact which stares the court in the face, that the effect of according this right to a particular individual may be that he 'will go unwhipped of justice, plays no part in determining the action of the court. If exemption from search, and from arrest of his person, and from the seizure of anything of which he is in possession, is his right, it must be accorded to him; and if that right has been violated, the defendant must be saved from the consequences.

[3] This brings us to the main question of whether there has been shown in this case to have been any violation of the rights of this defendant. Property in his possession has been seized. This is nothing, or at least nothing more than a step toward the finding which must be made. No person is exempt from arrest or accompanying searches and seizures. His sole right to protection is against unreasonable searches and seizures. As a means of assuring to him this right of protection, no warrant can lawfully issue, otherwise than in accordance with the provisions of the Fourth Amendment. In the instant case a warrant did issue. The question then narrows itself to the one of whether the warrant issued "upon probable cause."

One of the averments of fact which figure in this cause is that the liquors in question were smuggled into this country in defiance of the laws regulating importations. The warrant which issued and the affidavit which supported it followed the provisions of the acts of Congress governing seizures of smuggled property. Comp. St. § 5769. These acts contemplate that warrants may issue upon the affidavit of one charged with the duty of preventing smuggling, but who has no other personal knowledge of the illegal transaction other than what has come to him upon information and belief. This, backed by an averment that the affiant believes just grounds of suspicion to exist, justifies the issuance of a warrant. The seizure without a warrant by a peace officer who saw a larceny committed, and who arrested and searched the thief in order to make the seizure, could scarcely be called unreasonable. The practice of seizing smuggled goods, which had been followed for many years, and with which our people were very familiar, could likewise scarcely be called unreasonable. We are, however, dealing with the case of the issue of a warrant, and, as it can only issue upon probable cause, we are brought directly back to this point. The law which was followed in this case became a law at the very session of Congress which proposed the first 10 amendments, including, of course, that in question. Act 1789, c. 5, § 24, 1 Stat. 43. It is a fair inference that, in the view of Congress, an affidavit of the kind which was made in this case showed probable cause.

Our conclusion is that the warrant issued in accordance with law and without a violation of any legal rights, constitutional or otherwise, of the defendant. This conclusion is undisturbed by the very plausible argument forcibly presented by counsel for defendant. An acceptance of the views voiced by this argument would mean that facts must

be averred in the affidavit and recited in the warrant which would make out a prima facie case against a defendant, and that the affidavit to these facts must be made by some one whose testimony would be evidentiary. We refuse to accept this view, and the refusal we think to be supported by authoritative cases, among which the following may be cited: Locke v. U. S., 7 Cranch, 339, 3 L. Ed. 364; Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; Gouled v. U. S., 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647; U S. v. Ray (D. C.) 275 Fed. 1005; U. S. v. Rykowski (D. C.) 267 Fed. 866; U. S. v. Kelih (D. C.) 272 Fed. 484; Weeks v. U. S., 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Silverthorne v. U. S., 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319; Veeder v. U. S., 252 Fed. 414, 164 C. C. A. 338; In re Tri-State Coal & Coke Co. (D. C.) 253 Fed. 605; Amos v. U. S., 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654.

The ruling made is upon a distinction which should be kept clear between a seizure, as here, of smuggled goods and a seizure of liquors believed to be in stock for the purposes of illicit sale. The basic occasion for the seizure is wholly different. One is the fact of smuggling; the other is the fact of the commission of a crime. The seizure in the one case is justified by the fact that the goods were smuggled goods, irrespective of the guilt of the person in whose possession they are found. A close analogue in some respects is a seizure in replevin or attachment proceedings. In other words, the proceeding partakes somewhat of the character of a proceeding in rem. In the other case the seizure is justified only by the guilt of the person in possession. In other words, if this warrant had issued under the laws, the purpose of which is to punish those who make illicit sales of intoxicating liquors, it might well be held, both upon principle and under the authority of the cited cases, which are pertinent, that the warrant in this case issued improvidently. Indeed, the whole argument addressed to us is from this viewpoint. As, however, the seizure was of smuggled goods, neither the argument nor the cases which support it, apply. We could not condemn this seizure without condemning a practice which has been followed and upheld since the formation of our government and holding to be unconstitutional acts of Congress which have been enforced without question of their validity. The fact, if it be the fact, that the person in possession of the smuggled goods is holding them in stock for illicit sale purposes, does not relieve the goods from liability to a seizure to which they would be otherwise liable, nor does his guilt or innocence of the charge give to the goods an immunity which would not otherwise exist.

We are not unmindful of the fact that an indictment is pending against the defendant for a violation of the Volstead Act, nor do we feel inclined to take too technical a view of the real question which is involved. None the less we must face the situation with which we are confronted. This is that the seizure was of smuggled goods. The motion raises the question wholly of the lawfulness of this seizure. It may be that the district attorney has in mind to make use of the possession of what was seized as evidence upon the trial. Whether

or not it can be so used will then be determined. What we are now asked 'to do is to declare the seizure of smuggled goods to have been unlawful. This is what we decline to do, and the only question before us.

The motion is denied.