## UNITED STATES v. BOYD.

(District Court, W. D. Washington, N. D. November 5, 1924.)

No. 8903.

1. Searches and seizures ⊂⇒3—Search of defendant's home without warrant unlawful, unless defendant is committing crime in officer's presence.

Search of defendant's home without warrant is unlawful, unless in officer's presence defendant is engaged in committing crime, and such crime warrants search only with relation to particular offense.

2. Searches and seizures ⊂⇒3—On application for search warrant, proof must show particular article sought.

On application for search warrant, to show probable cause to search for evidence of particular offense, proof must show particular article or objects sought to be obtained.

3. Intoxicating liquors ⊂⇒249—Searches and seizures ⊂⇒3—Search without warrant for violation of National Prohibition Act by officer, who detected odor of burning opium, held unauthorized.

Federal narcotic officer, on detecting odor of burning opium coming from defendant's home, was authorized to search premises for violation of Harrison Anti-Narcotic Act (Comp. St. §§ 6287g-6287q) only, and not for violation of National Prohibition Act, which, under title 2, section 25 (Comp. St. Ann. Supp. 1923, § 10138½m), provides search warrant for liquor shall not issue for private dwelling unless liquor is unlawfully sold therein.

James Boyd was arrested for possessing intoxicating liquor. On motion to suppress evidence. Motion granted.

The defendant is held to answer for the possession of certain intoxicating liquor. He moves to suppress on the ground that without any search warrant his home was invaded and searched, and the liquor found, while the search was being made, contrary to the provisions of the Constitution and laws of the United States. This charge is met by affidavit on the part of the federal narcotic agent, who said in substance that he had on the 16th of April, 1924, detected the odor of opium on the premises in question and, on the following day, upon going "to the rear of those rooms, he was able to clearly detect the strong odor of smoking opium coming from a room used as the kitchen"; that in response to a knock at the door they were admitted by a person other than the defendant; that, the odor of smoking opium being so strong in the apartment, they searched the premises and found therein a large quantity of opium, and while engaged in the search they also discovered in a dresser drawer 2½ one-fifth gallons of Mumm's extra dry champagne and 1⅙ gallons and 10 ounces of whisky and two bottles of beer. It is contended that, the defendant being engaged in the commission of a crime, the officers were warranted in entering the apartments and searching the same.

J. W. Hoar, Asst. U. S. Atty., of Seattle, Wash.

John J. Sullivan, of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above). [1] The home of the defendant could not be entered without a search warrant, unless, in the officers' presence, the defendant was engaged in committing a crime therein. The act of the commission of the crime in the presence of the officers warranted the searching with relation to the particular offense. Such act, however, only supplied the function of the search warrant. The officers did not have carte blanche to search the house to see whether any crime was being committed.

[2, 3] Upon application for search warrant, to show probable cause to search for evidence of a particular offense, the proof must show the particular article or objects it is sought to obtain. The odor of opium being detected was evidence that the Anti-Narcotic Act (Comp. St. §§ 6287g to 6287q) was being violated, but that had no relation to the Prohibition Act, and no right was present to search the premises for violation of that act. The seizure of the liquor in the home of the defendant was unlawful. A search warrant for liquor shall not issue for a private dwelling unless liquor is unlawfully sold therein (title 2, § 25, N. P. A. [Comp. St. Ann. Supp. 1923, § 10138½m]), and the search made in this case cannot outrank the search warrant status.

The motion to suppress is granted.