## UNITED STATES v. MOORE.

(District Court, D. Maine, N. D. February 19, 1925.)

1. **Searches and seizures** ⊙⇒7—Search warrant for smuggled goods not in violation of Fourth Amendment.

A search warrant, issued under Tariff Act Sept. 21, 1922, § 595 (Comp. St. Ann. Supp. 1923, § 5841h15), which is a re-enactment of a provision of a statute of 1789, to search for smuggled goods, on application of a customs officer, though on an affidavit made on information and belief, is not in violation of Const. U. S. Amend. 4.

2. **Customs duties** ⊙⇒126—Provisions of Espionage Act do not apply to search warrant for smuggled goods.

The provisions of Espionage Act, tit. 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v), do not apply to a warrant to search for smuggled goods, issued under Tariff Act Sept. 21, 1922, § 595 (Comp. St. Ann. Supp. 1923, § 5841h15).

3. **Intoxicating liquors** ⊙⇒249 — Warrant to search for smuggled goods cannot be used to discover evidence of violation of Prohibition Act.

A warrant issued by a justice of the peace under the smuggling statute, to search for smuggled goods, cannot be legally used to discover evidence of a violation of National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), by search of a private dwelling in violation of the provisions of that act and of Espionage Act, tit. 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v).

Criminal prosecution by the United States against W. S. Moore. On motion by defendant to suppress evidence. Granted.

Frederick R. Dyer, U. S. Atty., of Portland, Me.

PETERS, District Judge. The defendant was indicted under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10071¼ et seq.) for unlawful possession of intoxicating liquors. He promptly filed a motion to suppress the evidence against him, being certain bottles of liquor, on the ground that it had been taken from his possession under the authority of a search warrant issued and served contrary to law and in violation of his constitutional rights. A hearing was had on this preliminary matter, from which I find that on January 10, 1924, an inspector of the customs made an affidavit that he was such, etc., and "that he has received information and believes that intoxicating liquors have been smuggled into the United States at the port of Bar Harbor, Me., without the payment of the duties legally chargeable thereon, and that the said intoxicating liquors and other dutiable merchandise are now concealed in and upon premises known as the caretaker's house on the "Woodland" estate on lower Main street, Bar Harbor, Me., the said estate being the summer estate of W. S. Moore."

On presentation of this affidavit to a justice of the peace at Bar Harbor, without further evidence and with very little further inquiry, he issued a search warrant authorizing the search of the dwelling house referred to in the affidavit for intoxicating liquors alleged to have been introduced into the United States without the payment of duties and without a compliance with the acts of Congress relating to the importation of liquors. The affidavit and warrant were on forms evidently furnished by the collector of customs. Thereupon the inspector of customs entered and searched the house referred to, and found and seized this liquor, which was used as the basis of the indictment for violation of the National Prohibition Act.

[1] The defendant urges that the provisions of title 11, Public Laws No. 24, of the Sixty-Fifth Congress, approved June 15, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v), were not complied with in the issuing and service of this warrant. That is clearly true. The procedure was in no important respect in accordance with that statute. But, if the warrant is what it purports to be, a search warrant for smuggled goods, the statute referred to does not apply. The warrant was apparently issued under title 4, § 595, of the Act of September 21, 1922 (Comp. Stats. Supp. 1923, § 5841h15) which, with some alteration, runs back to the beginning of the government, was passed for the special purpose of detecting smuggled goods, and was not affected by the law of search warrant inserted in the Espionage Act of 1917. To hold otherwise would be an attempt to change the whole theory and attitude of the government towards smuggled goods, and destroy the harmony of various acts of Congress.

Another objection made to this search warrant is that it was obtained on information and belief, and that no facts and circumstances were given the issuing magistrate from which he could determine the probable cause of the affiant's belief, and that therefore the warrant was not issued "upon probable cause," as required by the Fourth Amendment to the Constitution, as well as by the Act of June 15, 1917.

It goes without saying that the Fourth Amendment must be complied with. It has been decided, however, that warrants issued on information and belief to search for smuggled goods under the statute referred to, and search made under them, are not in violation of the constitutional amendments. In the well-known case of Boyd v. U. S., 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746, a landmark for the establishment of rights of citizens under the Fourth and Fifth Amendments, it is said:

"The seizure of stolen goods is authorized by the common law; and the seizure of goods forfeited for a breach of the revenue laws, or concealed to avoid the duties payable on them, has been authorized by English statutes for at least two centuries past; and the like seizures have been authorized by our own revenue acts from the commencement of the government. The first statute passed by Congress to regulate the collection of duties, the Act of July 31, 1789, 1 Stat. 29, 43, contains provisions to this effect. As this act was passed by the same Congress which proposed for adoption the original amendments to the Constitution, it is clear that the members of that body did not regard searches and seizures of this kind as 'unreasonable,' and they are not embraced within the prohibition of the amendment."

See, also, Locke v. U. S., 7 Cranch, 339, 3 L. Ed. 364.

In the well-considered opinion in the case of U. S. v. Bookbinder, 278 F. 216, Judge Dickinson says, in a similar case:

"These acts contemplate that warrants may issue upon the affidavit of one charged with the duty of preventing smuggling, but who has no other personal knowledge of the illegal transaction other than what has come to him upon information and belief. This, backed by an averment that the affiant believes just grounds of suspicion to exist, justifies the issuance of a warrant. * * * The law which was followed in this case became a law at the very session of Congress which proposed the first ten amendments, including, of course, that in question. Acts 1789, c. 5, § 24, 1 Stat. 43. It is a fair inference that, in the view of Congress,

an affidavit of the kind which was made in this case showed probable cause."

[2] Consequently, so far as this search warrant was for the purpose of finding and taking possession of smuggled goods I cannot say that it was a violation of the rights of the defendant under the Fourth Amendment, and the Act of June 15, 1917, does not apply, as already said. The cases cited by counsel for defendant are under the act of 1917.

[3] It by no means follows, however, that a search warrant, even when properly issued under the smuggling statute, can be legally used to discover evidence of the commission of the crime of possession of intoxicating liquors. A smuggling warrant cannot be used in lieu of and for the purposes of the warrants described in the act of 1917. National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), provides that "no search warrant [for intoxicating liquors] shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor," or unless in part used for business purposes, etc., and that when that condition is shown to exist a search warrant may issue under the Act of June 15, 1917, and subject to its provisions, so carefully devised for the protection of the individual rights.

If a customs officer, having no reason to think that liquor is being sold, or ever was sold, in a private dwelling, can, by the simple process of obtaining from a justice of the peace a warrant to search for smuggled goods, enter and search the dwelling for violations of the Volstead Act, and, upon finding liquor, proceed to have the owner indicted on that evidence for violation of that act, the proceedings are not only a violation of the Prohibition Act itself, which specifies the only manner in which private dwellings shall be searched, but they constitute a gross violation of the rights of the defendant under both the Fourth and the Fifth Amendments.

What are the facts here? It appears from the testimony of the customs agent that he had been informed that the defendant had some liquor in his house. Its kind, quantity, origin, and history were unknown. The officer had no reason to think the defendant was selling liquor. Whatever he had was for his personal use.

The only reason given for obtaining a smuggling warrant, or suspecting that smuggled liquor was present, was the inference that, if the defendant had any liquor, it must have been new liquor and that all new

liquor (except home-made) is now smuggled liquor.

"Q. (by the Court): I take it you regard—as a customs officer, you regard all new liquor as smuggled?

"A. Yes; except what is home-made.

"Q. You regard it as smuggled, without knowing how it was smuggled, or where, or when?

"A. Yes; as long as it is not old. stock.

"Q. Your point is, if it was not old stock it was smuggled goods?

"A. Yes."

No proceedings against the liquor as smuggled goods have been taken, so far as I am informed.

It seems a perfectly clear case of a search warrant which was issued for one purpose, i. e., the taking of smuggled goods, being illegally used for a totally different one, i. e., discovery of a violation of a criminal statute, the Volstead Act.

A citizen's constitutional right cannot be invaded in this way.

On the trial of this indictment the evidence obtained by the search and seizure referred to will not be admitted. The evidence is suppressed. If a motion is made to quash the indictment, and it should appear that it was found wholly on the evidence referred to, I should grant that motion. I see no authority at this time to order a return of the liquors. It does not appear that they are in the control of any officer of the court, or the subject of any process issued from the court. If any reliance is placed upon the smuggling feature of the case, proceedings for forfeiture should be instituted, and the validity of the warrant and proceedings from that point of view determined. I have not decided those questions here, as they are not before the court.