## UNITED STATES v. CHARLES.

(District Court, N. D. California, S. D. October 6, 1925.)

No. 16980.

1. Arrest ⬤⟞71—Building where one is arrested in commission of crime may be searched to extent of offender's control.

Person lawfully arrested may be searched for instruments, fruits, and evidences of crime. and, if taken in commission of crime in building, it may likewise be searched to extent that offender's control and activities likely extend.

2. Arrest ⬤⟞71—Criminal law ⬤⟞395—Seizure of intoxicating liquor, found during bona fide search for narcotics, held lawful, and liquor admissible in evidence.

Seizure of liquor, found by narcotic officer during bona fide search of hotel for narcotics, after arrest of proprietor, *held* lawful and liquor so seized admissible in evidence.

Louis Charles was charged with violation of National Prohibition Act. On motion to exclude evidence. Motion denied.

Sterling Carr, U. S. Atty., and Edgar R. Bonsall, Asst. U. S. Atty., both of San Francisco, Cal.

Frank J. Hennessy, of San Francisco, Cal., for defendant.

KERRIGAN, District Judge. The question here presented is: May narcotic officers, who have arrested the proprietor of a hotel for a violation of the narcotic laws (Comp. St. § 6287g et seq.) committed in its lobby within their presence, and who immediately thereafter search his living quarters and storeroom for evidence of similar violations, seize intoxicating liquors found by them while so engaged?

It appears that under the circumstances outlined intoxicating liquors were found and seized, some of them being in plain view, both in the rooms occupied by defendant, and in the storeroom of the basement connected therewith. Defendant moves that they be excluded from evidence, claiming that "the act of the commission of the crime in the presence of the officers warranted the searching with relation to the particular offense. Such act, however, only supplied the function of the search warrant. The officers did not have carte blanche to search the house to see whether any crime was being committed." United States v. Boyd (D. C.) 1 F.(2d) 1019, 1020.

In the case cited, it was indeed held that, where a federal narcotic officer, on detecting the odor of burning opium coming from a certain house, entered it, he was authorized to search the premises for violations of the narcotic laws only, and not for those of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The ground taken seems to have been that the odor of opium had no relation to the prohibition act, and therefore no right was present to search for violations of it. The court said that the search made could not outrank the status of a search warrant, which, in the absence of a sale of liquor, could not legally have been issued as to that commodity.

It may be conceded that a narcotic or other federal officer, who on reasonable grounds institutes a search for drugs, may not take advantage of his presence on the entered premises to make a search for liquor. To hold otherwise would in effect be to nullify section 25 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m) by evasion, and to encourage unconstitutional subterfuges. United States v. Moore [D. C.] 4 F.(2d) 600, 601. But I think it by no means follows that officers making a legal search for violations of one law must deliberately shut their eyes to evidence of crimes committed against another. Proof of a sale is a condition precedent to the issuance of a search warrant where liquor is concerned; but I think the presence or absence of such proof irrelevant, where entry is legally made without the use of such a warrant.

[1] The rule is thoroughly settled, that "a lawfully arrested person may be searched for instruments, fruits, and evidences of the crime; and, if taken in commission of the crime in a building, the latter may be likewise searched to the extent that the offender's control and activities likely extended." Sayers v. United States (C. C. A. 9) 2 F.(2d) 146, 147; United States v. Seltzer (D. C.) 5 F.(2d) 364, 365; Agnello v. United States, 269 U. S. —, 46 S. Ct. 4, 70 L. Ed. —. The absence of a search warrant in this case therefore is immaterial, and the only question is as to the extent of the right, not to search, but to seize.

[2] The fact that the finding of this liquor was incidental to a search for narcotics is insufficient to invalidate the seizure. It is not alleged, nor could it be alleged, that the search for narcotics, like that for smuggled goods in United States v. Moore, supra, or like the sanitary inspection in Marron v. United States, 8 F.(2d) 251, was a mere pretext on which an entry was made to search for liquor. Wherever, during the progress of a bona fide search for other commodities illegally possessed, intoxicating liquor is found, whether a search warrant has

issued or not, it would seem that its seizure not only is legal but mandatory. There is very little authority for or against this proposition, but a case decided by the Circuit Court of Appeals of the Fourth Circuit, in which certiorari recently was denied by the Supreme Court of the United States, rests on analogous principles. There prohibition agents, having definite information that professional criminals were conveying in a motor car a quantity of whisky along a certain road, about a certain time, were on the watch to intercept it. They stopped the defendant's truck, opened it, and found, instead of whisky, Chinamen in the course of unlawful transportation. It was held that the search was not unreasonable, and that the evidence obtained was competent. Milan v. United States (C. C. A. 4) 296 F. 629, 632; Id., 265 U. S. 586, 44 S. Ct. 460, 68 L. Ed. 1192.

While it is true that the National Prohibition Act does not require that a sale be proved for the issuance of a warrant to, search an automobile, as it does in the case of a private dwelling, the basic principles involved are identical. In either situation, if, as the direct result of a bona fide and legal search for evidence of another crime, as an incident to that search intoxicating liquor, or any other substance the possession of which is illegal, accidentally is discovered, the liquor or substance so found may be seized and used in evidence.

The motion accordingly is denied.

I may add that there is nothing in the opinion filed yesterday by the Circuit Court of Appeals of this Circuit, in Marron v. United States, which in any way conflicts with these views. There the so-called "sanitary inspection" admittedly was a pretext, and was not made in good faith.