### UNITED STATES v. DURKIN.
No. 686.

District Court, M. D. Pennsylvania.
June 20, 1930.

John Memolo, of Scranton, Pa., for petitioner.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury.

JOHNSON, District Judge.

This is a petition and rule thereon to show cause why certain documents, including a ledger, checks, and health certificates, seized under authority of a search warrant, should not be returned to the petitioner and their use as evidence suppressed.

The facts of the case are briefly, as follows: On November 2, 1929, Federal Prohibition Agent Medway purchased on the premises known as "Mountain Ash Inn,"

from a waiter, intoxicating liquors. He made affidavit before Commissioner Myers, who issued a search warrant on November 4, 1929, directing a search of the premises, which was served on November 6, 1929, by Agent Medway accompanied by Agents Flood and Hutchins and State Trooper Unger. A large quantity of intoxicating liquors was seized on the premises, together with a ledger, canceled checks, and health certificates which were used in connection with the keeping of accounts and the carrying on of the business in the said inn. At the same time William Durkin, who had charge of the place, was arrested.

It is contended by the petitioner, William Durkin, that the agents had no right or authority under the search warrant to seize these documents, and that the same cannot be used as evidence in the trial against the petitioner. The government contends that the documents were lawfully seized as an incident of the arrest as part of the equipment used in committing the offense.

Under the facts of the case and the law relating thereto, the position of the government is sound, and the petition cannot be sustained. The decision in Marron v. United States, 275 U. S. 192, 48 S. Ct. 74, 72 L. Ed. 231, clearly supports the position here taken. On page 198 of 275 U. S., 48 S. Ct. 74, 77, Mr. Justice Butler, delivering the opinion of the court, said: "When arrested, Birdsall was actually engaged in a conspiracy to maintain, and was actually in charge of, the premises where intoxicating liquors were being unlawfully sold. Every such place is by the National Prohibition Act declared to be a common nuisance the maintenance of which is punishable by fine, imprisonment or both. Section 21, tit. 2, Act of October 28, 1919 [c. 85], 41 Stat. 305, 314 (U. S. Code, tit. 27, § 33, [27 USCA § 33]). The officers were authorized to arrest for crime being committed in their presence, and they lawfully arrested Birdsall. They had a right without a warrant contemporaneously to search the place in order to find and seize the things used to carry on the criminal enterprise. Agnello v. United States, 269 U. S. 30, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; Carroll v. United States, 267 U. S. 132, 158, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Weeks v. United States, 232 U. S. 392, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177. The closet in which liquor and the ledger were found was used as a part of the saloon. And, if the ledger was not as essential to the maintenance of the establishment as were bottles, liquors and glasses, it was none the less a part of the outfit or equipment actually used to commit the offense. And, while it was not on Birdsall's person at the time of his arrest, it was in his immediate possession and control. The authority of officers to search and seize the things by which the nuisance was being maintained extended to all parts of the premises used for the unlawful purpose. Cf. Sayers v. United States (C. C. A.) 2 F.(2d) 146; Kirvin v. United States [(C. C. A.) 5 F.(2d) 282], supra; United States v. Kirschenblatt [(C. C. A.) 16 F.(2d) 202, 51 A. L. R. 416], supra. The bills for gas, electric light, water, and telephone services disclosed items of expense; they were convenient, if not in fact necessary, for the keeping of the accounts; and, as they were so closely related to the business, it is not unreasonable to consider them as used to carry it on. It follows that the ledger and bills were lawfully seized as an incident of the arrest."

The petition is dismissed, and the rule granted thereon is discharged.