## UNITED STATES v. COLEBROOK et al.

No. 4738.

District Court, S. D. Texas, Galveston Division.

Aug. 15, 1931.

H. M. Holden, U. S. Atty., and M. S. McCorquodale and Raymond Wischeart, Asst. U. S. Attys., all of Houston, Tex., for the United States.

W. E. Price, of Galveston, Tex., for defendants.

KENNERLY, District Judge.

The defendants, Collin Colebrook and J. P. West, are charged, in this cause, by information, with possession of intoxicating liquor and maintaining a nuisance in violation of the National Prohibition Act (27 USCA), on or about April 29, 1931. They move to suppress certain evidence, obtained on or about that date, by an alleged illegal search of the West Hotel, in the city of Galveston.

The facts developed upon hearing of such motion are that one James Christus was charged before a United States commissioner with having, on January 27, 1931, sold and possessed intoxicating liquor and maintained a nuisance, in violation of the National Prohibition Act. The possession and nuisance charges were misdemeanors. Whether the sale was in such quantity as to be a felony does not appear. Failing to give bond, he was committed to jail, and there held, awaiting trial in this court. Christus

was an alien, and about that time a warrant for his deportation was issued by the Secretary of Labor, and he was thereafter held, both under such commitment and under such deportation warrant. While so held, he escaped from jail, and is still at large.

Soon after his escape, and on or about April 29, 1931, A. A. Savell, deputy United States marshal at Galveston, received a telephone message from some unknown person, informing him that Christus and a woman had just entered said West Hotel. Desiring to apprehend Christus, Savell summoned to his aid two prohibition enforcement officers, one being Officer Hamilton, and they proceeded forthwith to the West Hotel. Such hotel is in fact a rooming house, and entirely situated, except the stairway, on the second floor of the building at Twentieth and Mechanic streets. The three officers ascended the stairway leading from the street to the hallway of the hotel. Officer Hamilton went along the hallway to the rear of the hotel, and, while still in the hallway, looked through open doors into two rooms, and observed a quantity of intoxicating liquor, and four men seated at a table drinking intoxicating liquor. Deputy Marshal Savell went in another direction, found and acquainted the person in charge of the purpose of his visit, and proceeded to search each and all of the rooms of the hotel for the purpose of apprehending Christus. He did not find Christus, but in four of such rooms (two of them being the rooms in which Officer Hamilton had observed intoxicating liquor) he found intoxicating liquor. In order to enter two of the four rooms (being other than the two in which Officer Hamilton had observed intoxicating liquor), Savell broke in the door of one, and lifted the defendant Colebrook over the transom of the other, Colebrook opening the door for Savell from the inside.

After such search, and failure to find Christus, and the finding of the intoxicating liquor, Savell arrested Colebrook and West, seized such liquor, and the filing of the information in this case followed.

■■ 1. Under section 504 of title 28, US CA, United States marshals and their deputies have the same powers in a state as a sheriff and his deputies have in such state. These powers are likewise possessed by persons summoned to aid a marshal or his deputy as were Hamilton and the other officer. Under articles 241, 242, 243, and 244 of the Texas Code of Criminal Procedure of 1925, sheriffs and their deputies, in the serving of warrants of arrest, are permitted to use all reasonable means to effect such arrest, but no greater force may be resorted to than is necessary to secure the arrest and detention of the accused. In case the accused is charged with a *felony,* such officer may break down the door of any house for the purpose of making an arrest, if he be refused admittance after giving notice of his authority and purpose. An escaped prisoner may be retaken without any warrant other than the process under which such prisoner was held at the time of his escape.

If Christus was charged with a felony, and committed to, and incarcerated in, the county jail, and escaped therefrom, Savell, as deputy United States marshal, and his aids, were authorized to enter and search these premises, of these defendants, in an effort to apprehend and arrest Christus. In the argument at the bar, counsel for defendants concede this.

■ But it is insisted that, since Savell did not hold a warrant to arrest, and was not otherwise authorized to arrest, the defendants Colebrook and West, neither the intoxicating liquor found and seized on such premises, nor the evidence obtained in connection therewith, can be used against them, upon the trial of this cause. Clearly, this is the law. Both Colebrook and West were strangers to the process under which Savell was authorized to, and did, search for Christus, and it would be going too far to say that intoxicating liquor, or other evidence, discovered by such search can be used against them. The rule permitting the search, by such officers, of the premises of a citizen, for the purpose of arresting a fugitive with whom the citizen is in no way connected, is harsh enough without adding other burdens. Had the process held by Savell been for Colebrook and West, a different question would probably have been presented, and the cases cited by the Government: Bell v. United States (C. C. A.) 285 F. 145; Garske v. United States (C. C. A.) 1 F.(2d) 620; U. S. v. Poller (C. C. A.) 43 F.(2d) 911, 912; U. S. v. Di Corvo, 37 F.(2d) 124, 125; Furlong v. U. S. (C. C. A.) 10 F.(2d) 492, 493; Browne v. U. S. (C. C. A.) 290 F. 871; Ludwig v. U. S. (C. C. A.) 3 F. (2d) 231; U. S. v. Gowen (C. C. A.) 40 F. (2d) 593, 595; Marron v. U. S., 275 U. S. 193, 48 S. Ct. 74, 72 L. Ed. 235; Boyd v. U. S., 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; U. S. v. Charles (D. C.) 8 F.(2d) 302; Milam v. U. S. (C. C. A.) 296 F. 629; Estabrook v. U. S. (C. C. A.) 28 F.(2d) 150; U.

S. v. Durkin (D. C.) 41 F.(2d) 851; U. S. v. Messina (C. C. A.) 36 F.(2d) 699, would perhaps be controlling. I have found no case, and none has been cited, precisely in point, nor contrary to this view.

If Christus was charged with a misdemeanor, then Savell had no such right as is given in case of felony, and his search was unlawful, and neither such liquor, nor other evidence discovered by such search, can be lawfully used against these defendants.

2. There are other questions, but the facts respecting them were not sufficiently developed upon the hearing of the motion to now call for a ruling thereon. If it shall appear that the defendants, or either of them, owned or controlled this hotel (in fact, a rooming house), and rented the rooms to the public, and that the stairway and hallway thereof were public, and were open to the public, the entry of Savell, Hamilton, and the other officer on, and up, such stairs, and into the hallway, may not have, to that extent, been unlawful. And if Hamilton, from his position in the hallway, observed liquor, persons drinking liquor, etc., in two of the rooms, the question of whether the subsequent arrest of the defendants, and the seizure of the liquor in such two rooms, are lawful or unlawful, and the question of whether such liquor, and other evidence thus obtained, can be used against defendants, will be presented. Such questions are not now determined.

An order will enter, sustaining defendants' motion to suppress all evidence obtained under and by reason of the search by Savell and his aids under the process for Christus.