## UNITED STATES v. SIEGEL et al.

### No. 868.

District Court, M. D. Pennsylvania.
July 14, 1932.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., and Leo G. Knoll, Asst. U. S. Atty., of Scranton, Pa.

David Rosenthal, of Wilkes Barre, Pa., for petitioner.

WATSON, District Judge.

This is a rule granted upon the petition of Benjamin Siegel, one of the defendants, to show cause why certain property seized on the premises of Benjamin Siegel, No. 73 East Northampton street, Wilkes Barre, Pa., should not be returned and the evidence obtained by the seizure suppressed.

 The search and seizure was made by a prohibition agent armed with a search warrant. There is no motion before the court to quash the search warrant, and in this case a motion to quash the search warrant would have been the proper mode of procedure. United States v. Bookbinder (D. C.) 278 F. 216, Levin v. Blair (D. C.) 17 F.(2d) 151. Counsel for the petitioner, in the argument and in his brief, has treated the procedure as if it were a motion to quash, and contends that there was not contained in the affidavit to support the search warrant sufficient facts to show probable cause that a violation of any

law of the United States was being committed upon the premises.

From an examination of the affidavit to support the search warrant, it appears that the facts there averred, and sworn to, were such as to warrant a man of sense, prudence, and caution in believing that an offense against the law was being committed, and constitutes probable cause on which to predicate a valid search warrant. Feitler v. United States, 34 F.(2d) 30, Circuit Court of Appeals, Third Circuit. A motion to quash could not prevail, and the property described in the search warrant and seized should not be returned or the evidence suppressed.

There were seized at the time of the search, in addition to property described in the search warrant, certain books and papers which were not in any way described in the search warrant, and the seizure of these books and papers was without authority, was illegal, and they should be returned. Kirvin v. United States (C. C. A.) 5 F.(2d) 282; United States v. Brunett et al. (D. C.) 53 F.(2d) 219.

Now, July 14, 1932, as to the books and papers seized and referred to in the petition, the rule to show cause is made absolute. It is ordered that they be returned to the owner thereof, and that they shall not be used as evidence. As to all the other property seized and described in the return of the search warrant consisting of gin and whisky flavoring, barrels, sugar, Four in One, Rye Bock, rye grain, syphon hose, and hydrometers, the petition is dismissed and the rule is discharged.