### SAYERS v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 20, 1924.)

No. 4218.

1. Arrest ⌖71—Searches and seizures ⌖7 —Search may lawfully follow arrest.

A person lawfully arrested may be searched for instruments, fruits, and evidences of the crime, and if taken in commission of the crime in a building the latter may likewise be searched to the extent that the offender's control and activities likely extended, and such search is reasonable and not within the prohibition of the Fourth Amendment.

2. Arrest ⌖71—In search following arrest, papers may be seized.

In a search after arrest, not only may fruits and instruments of crime be seized, but also evidentiary articles, including papers, incidentally discovered.

3. Arrest ⌖71—Search and seizure of liquors and papers after arrest of defendant held lawful.

On the arrest of defendant after selling whisky to prohibition agents in a room in a

hotel, search of that and adjacent rooms, and the seizure of liquor and papers there found, *held* lawful, without a search warrant.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Criminal prosecution by the United States against Della Sayers. Judgment of conviction, and defendant brings error. Affirmed.

Edward H. Chavelle, of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and J. W. Hoar, Sp. Asst. U. S. Atty., both of Seattle, Wash.

Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge.

BOURQUIN, District Judge. Defendant below, convicted of unlawful possession and sale of intoxicating liquor, assigns errors which in brief and argument are limited to the now common complaint of evidence secured by unlawful search and seizure. The evidence in the bill of exceptions, alone competent for our consideration, discloses that at 12:20 a. m. the federal officers entered a hotel; that numerous persons were passing in and out; that they ascended to the second floor, of hall and 12 rooms, rang a bell, and by defendant were admitted to a room adjacent to the kitchen; that in response to her inquiry they said they wanted whisky, whereupon she went into the kitchen, and returned with and served whisky to them for money paid; that they then arrested her, searched and found and seized a large quantity of beer and her meat bill in the kitchen, and her record of savings and of beer purchases, and her light bill from her room across the hall; and that she admitted she was the owner of the place.

Defendant's testimony is that she sold no liquor; that her only relation to the place was occasional visitor for a few days; and that at the arrest she was renting and occupying the room wherein were found the record and bill aforesaid. Evidentiary conflict is settled by the verdict and denial of new trial.

It thus appears that the officers entered a place of business of resort by the public, wherein defendant comported herself as owner and in authority. Therein she unlawfully possessed and sold intoxicating liquor, a contraband article, forfeitable to the United States; and therein she committed the offenses of which she was convicted, and the place bore the aspect of a common nuisance. In consequence, the officers rightfully arrested and searched her and the premises. No search warrant was necessary, and whether or not the warrant possessed by the officers was valid is immaterial. In any event, the usual presumption of official regularity in duty performed attends warrants, searches, seizures, and evidence possessed, as does the presumption of lawful custody of things possessed.

This prima facie validity of evidence offered prevails, unless the accused challenges it, and at least develops circumstances sufficient to impeach it to a degree that inspires the discretion of the trial judge to embark upon further inquiry, in which event, on all evidence adduced, the prosecution must sustain the competency of its evidence.

[1] A lawfully arrested person may be searched for instruments, fruits, and evidences of the crime; and, if taken in commission of the crime in a building, the latter may be likewise searched to the extent that the offender's control and activities likely extended. This is the law since the Fourth Amendment, even as it was law before it, is reasonable, and is not within the amendment's ban upon unreasonable searches and seizures. See Adam's Case, 192 U. S. 585, 24 S. Ct. 372, 48 L. Ed. 575; Week's Case, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Gouled's Case, 255 U. S. 309, 41 S. Ct. 261, 65 L. Ed. 647; U. S. v. Wilson (C. C.) 163 F. 338.

[2] In any such search, not only may the instruments and fruits of crime be seized, but mere evidentiary articles, including papers incidentally discovered, may be likewise seized. This was expressly held in Adam's Case, supra, and has not been departed from in any qualification of said case. "There is no special sanctity in papers, as distinguished from other forms of property, to render them immune from search and seizure, if only they fall within the scope of the principles of cases in which other property may be seized." Gouled's Case, supra. Of a person arrested, every garment and pocket may be searched, and the same principle authorizes that of a building, generally every room may be searched.

[3] In the circumstances of the instant case, the arrest of defendant and the search of adjacent rooms and seizure of liquors

and papers were a duty, were legal, and were not unreasonable within the import of the Fourth Amendment.

Judgment affirmed.