### FRYAR et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. February 3, 1925.)

No. 4214.

**1. Intoxicating liquors ⬮➾279—Evidence held not to warrant conviction of saloon employees for contempt in violating injunction.**

Conviction of former saloon employees for contempt in violating injunction issued under National Prohibition Act, § 22 (Comp. St. Ann. Supp. 1923, § 10138½k), prohibiting selling or storing intoxicating liquor on premises for one year, was unwarranted, in absence of any evidence of their participation.

**2. Intoxicating liquors ⬮➾279—Evidence held to warrant conviction for contempt in selling and storing intoxicating liquor in violation of injunction.**

Evidence *held* to warrant conviction of owner of saloon for contempt in violating injunction issued under National Prohibition Act, § 22 (Comp. St. Ann. Supp. 1923, § 10138½k), prohibiting selling or storing intoxicating liquor on premises for one year.

**3. Searches and seizures ⬮➾7 — Seizure of whisky in shed and vacant premises adjacent to saloon without warrant held lawful.**

Where court enjoined sale or storage of intoxicating liquor on premises used as soft drink saloon for one year, search in daytime without warrant of adjoining shed and vacant premises, to which owner of saloon had key, not connected with owner's home, and seizure of whisky therein, *held* not unreasonable search, prohibited by Const. Amend. 4.

In Error to the District Court of the United States for the Middle District of Tennessee; J. W. Ross, Judge.

W. T. Fryar and others were convicted of contempt of court, in that they violated an injunction restraining them from selling or storing intoxicating liquor on certain described premises, and they bring error. Conviction of defendant Fryar affirmed. Conviction of other defendants reversed, and matter remanded for new trial.

W. C. Cherry, of Nashville, Tenn. (Lee Douglas, of Nashville, Tenn., on the brief), for plaintiffs in error.

Howard B. Shofner, Asst. U. S. Atty., of Nashville, Tenn. (A. V. McLane, U. S. Atty., of Nashville, Tenn., on the brief), for the United States.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. In a case brought by the United States in the court below, under section 22 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½k), an injunction was issued against the defendants Fryar, Smith, and Matthews, restraining them for a period of one year from selling or storing intoxicating liquor upon certain described premises. Later a petition was filed, alleging that the three defendants were continuing to store and to sell, and asking their punishment for contempt. Upon this petition a hearing was had, upon which the court found them guilty of contempt, and sentenced Fryar to be imprisoned for a year and to pay a fine of $1,000, and sentenced Smith and Matthews each to be imprisoned for six months and pay $500. The writ of error is brought to review this judgment.

[1] As to defendants Smith and Matthews: The record, which purports to contain all the evidence, does not tend to show any participation by either of them in the offense charged. It does show that before the injunction issued they had been employés of Fryar in this saloon, but it does not indicate even that they continued in his employment thereafter; much less does it show any connection by them with the breach of the injunction here shown. It is not impossible that their continued connection with the place, and participation in whatever went on, was on the hearing taken for granted; but we must judge by the record brought here, and as to them the conviction and judgment for contempt must be reversed, and the matter remanded for a new trial.

[2, 3] It is different as to Fryar. There was express evidence of a sale by Fryar's employé, in his presence, some days after the injunction issued; and if there were no other testimony, we could not well review the District Judge's finding of fact based thereon. However, it also appears that the prohibition agents, provided with a search warrant, found upon the premises occupied by Fryar, or immediately adjacent and within his reach, a substantial quantity of intoxicating liquor, apparently held for sale, and seized it. If this evidence was rightly admitted, we understand counsel to concede that it was enough to justify Fryar's conviction; but the validity of the search warrant is attacked for various reasons, and it is then said that the evidence of such seizure was therefore inadmissible.

No reason has been pointed out, and we know of none, why any search warrant was necessary. This store was occupied by Fryar ostensibly as a soft drink saloon. The adjacent premises were vacant, and locked with a key in Fryar's possession; the greater part of the whisky seized was found in a shed or outbuilding adjacent to the store;

only a few days before, the court had found that the place was being used as an intoxicating liquor saloon, and had issued the injunction; the place had no connection with Fryar's home; the search was made in the daytime, in an orderly and peaceable manner; it was not such a repetition of a search recently made as to be harsh or oppressive. Under these circumstances, we see nothing to indicate that unreasonable search or seizure, which the Fourth Amendment forbids; nor does any statute expressly require a search warrant. The case is like Hilsinger v. U. S. (C. C. A.) 2 F.(2d) 241.

The evidence tended to show only one sale and one act of substantial storage. Hence there was no necessity for specific findings as to the acts which constituted the contempt.

As to Fryar's conviction and sentence, the case is affirmed.