## DIBELLO v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
May 9, 1927.

No. 7577.

1. **Intoxicating liquors** ⬤⇒238(2)—**Owner's connection with basement wherein liquor was found after his arrest in resort conducted on lower floor held for jury.**

Where owner of building, occupying first floor for drinking and eating resort, used basement and stairway leading thereto, and key to door leading to basement was found on bar situated on lower floor, question of owner's connection with basement wherein liquor was found, after owner's arrest for sale of liquor in presence of officers, *held* question for jury.

2. **Criminal law** ⬤⇒395—**Liquor found in basement after arresting owner conducting resort on lower floor, held obtained by reasonable search.**

Liquor found in basement of building, after owner's arrest for sale of liquor in presence of officers in drinking and eating resort conducted on lower floor, *held* obtained by reasonable search of premises at the time of arrest and incidental thereto.

3. **Intoxicating liquors** ⬤⇒238(1)—**Evidence in prosecution for violating prohibition law and maintaining common nuisance held for jury (Comp. St. § 10138¼ et seq.).**

Evidence in prosecution for violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.) and for the maintenance of a common nuisance *held* sufficient for jury.

In Error to the District Court of the United States for the Western District of Missouri; Merrill E. Otis, Judge.

Joe Dibello was convicted for violation of the National Prohibition Act and for maintaining a common nuisance, and he brings error. Affirmed.

Frank D. Rader, of Kansas City, Mo. (James M. Rader, of Kansas City, Mo., on the brief), for plaintiff in error.

Robert R. Brewster, Asst. U. S. Atty., of Kansas City, Mo. (Roscoe C. Patterson, U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before STONE and KENYON, Circuit Judges, and POLLOCK, District Judge.

KENYON, Circuit Judge. Plaintiff in error was convicted on both counts of an information; the first count charging violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.) by possessing for beverage purposes certain intoxicating liquor on or about the 19th day of June, 1925; the second charging the maintenance of a common nuisance on or about the 1st day of January, 1925, in a building and place at 1222 McGee street, Kansas City, Mo.

Many errors are assigned, as is usual in these cases, raising various questions, viz.: Failure of the court to sustain a demurrer to the evidence made at the close of the testimony; the admission of certain exhibits, consisting of whisky in bottles found at plaintiff in error's place of business; the admission of evidence as to a raid made by government witnesses on plaintiff in error's place July 14, 1925; the imposing of a fine on the first count of the information; and in overruling a motion to suppress evidence secured by a search of the place on June 18 or 19, 1925.

The greater part of the evidence objected to was obtained at the time of plaintiff in er-

ror's arrest on June 18, 1925. The evidence introduced would warrant a finding by the jury of the following facts: That plaintiff in error was the owner and proprietor of a so-called "soft drink parlor," more in the nature of a saloon, located at 1222 McGee street, Kansas City, Mo.; that prohibition agents went to this place on the night of June 18, 1925, and there saw beer purchased by one of their informers; that they tested the beer with an ebulliometer, which was a recognized method of testing the same, and found it to contain 1.45 per cent. of alcohol by volume; that they then arrested plaintiff in error, made a search of the premises, finding a barrel half full of beer in the ice box, which, upon test, was found to contain 1.45 per cent. of alcohol by volume; that they found on the bar a key which fitted a door leading to the basement; that they entered the basement, and found immediately over the door on the basement side a pint bottle half full of whisky. In the basement they found an alcohol gun (an instrument used for the purpose of placing alcohol in beer), a gallon can half full of alcohol, and two bottles full of whisky. Later in the month prohibition agents again raided the place. Another purchase of beer was made. Subsequently another raid was made, at which time a number of people were found on the premises drinking whisky in the presence of plaintiff in error.

The various bottles of whisky secured in the search on June 18, 1925, were offered in evidence and admitted over the objection of plaintiff in error. Plaintiff in error previous to the trial filed motion to suppress the evidence secured at that time, and now presents the question that his place of business was searched without any search warrant in violation of the Fourth Amendment to the Constitution, and that the evidence secured was used against him in the trial. This is the only question of importance in the case.

Each particular case involving the question of an unreasonable search and seizure must be determined by its own facts and circumstances. There is no general rule applicable to all cases. Lambert v. United States (C. C. A.) 282 F. 413; Garske v. United States (C. C. A.) 1 F.(2d) 620, 625; Peru v. United States (C. C. A.) 4 F.(2d) 881.

The chronology of events here is as follows:

First. A purchase of beer in plaintiff in error's place of business in view of the witness, C. J. Highley, a federal prohibition agent.

Second. Test of the beer by a recognized test which showed it had 1.45 per cent. of alcohol by volume.

Third. Arrest of plaintiff in error.

Fourth. Search of the premises and the finding of the whisky in bottles, and other paraphernalia.

Plaintiff in error contends that the search was made before the arrest, but the record shows that plaintiff in error was arrested before the search was made and that the search was incidental to the arrest. The arrest was for a crime committed in the presence of the prohibition agents. Their authority to make the arrest is not questioned. The law as to the situation presented is well settled. In Agnello et al. v. United States, 269 U. S. 20, 30, 46 S. Ct. 4, 5 (70 L. Ed. 145) the court laid down the rule as follows: "The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, as well as weapons and other things to effect an escape from custody, is not to be doubted." Weeks v. United States, 232 U. S. 383, 34 S. Ct., 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Carroll et al. v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790. This court has frequently considered the question. See Peru v. United States (C. C. A.) 4 F.(2d) 881; Garske v. United States (C. C. A.) 1 F.(2d) 620; Brock v. United States (C. C. A.) 12 F.(2d) 370.

The record sustains the contention of the government that prohibition officers arrested plaintiff in error for a misdemeanor committed in their presence, and as incident to such arrest searched plaintiff in error's place of business and secured the various exhibits introduced, consisting of whisky in bottles and an instrument used to put alcohol into beer.

[1, 2] Plaintiff in error raises the further point that some of the exhibits introduced in evidence consisting of whisky in bottles were secured in a search of the basement, which was not in the sole possession of plaintiff in error, but to which other parties had access. In Agnello v. United States, supra, a search was made of Agnello's house, several blocks distant from where the arrest took place. It was held that such search could not be sustained as an incident of the arrest. No such situation is presented here. It appears that plaintiff in error owned the entire building, occupying the first floor with some kind of a drinking and eating resort known as the "Blue Ribbon Barbecue." He used the basement and the stairway leading thereto. A key to the door leading to the basement was found on plaintiff in error's bar. Immediately inside of this door,

and placed on a board over the door, was found a one-half pint of whisky, which had practically the same proportion of alcohol in it as the whisky found in the basement. While the fact that others may have had access to the basement might affect the weight of this testimony, the question of defendant's connection with the basement was a question for the jury. Waddell v. United States (C. C. A.) 283 F. 410. Plaintiff in error asked no instruction on this subject. We see no reason why, after the arrest of plaintiff in error for a misdemeanor committed in the presence of the officers, the search of the premises incidental thereto should not include the basement, under the situation shown by this record. We are satisfied the motion to suppress the evidence was properly overruled, and that the evidence objected to was obtained by a reasonable search of the premises at the time of the arrest and as incidental thereto.

[3] We have examined and considered all the other errors assigned. We see no need for a discussion thereof. We find none of merit. The evidence was sufficient to warrant submission of the case to the jury on both counts of the information, and the judgment is affirmed.