[No. 21677. Department Two. February 21, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. A. J. ESTES, *Appellant.*[1]

*O. M. Nelson,* for appellant.

*Austin M. Wade* and *A. P. Wilson,* for respondent.

MAIN, J.—By complaint in the court of a justice of the peace, the defendant was charged with the crime of possessing intoxicating liquor with intent to sell the

[1]Reported in 274 Pac. 1053.

same, and was therein found guilty. From the judgment of conviction, he appealed to the superior court, where a trial before a jury resulted in a verdict of guilty. From the judgment entered upon the verdict, the present appeal is prosecuted.

The facts are these: The appellant resided at McCleary, in Grays Harbor county. On the lot adjacent to the house in which he was living, were twenty-two automobile garages, facing on an inner court or driveway, one of which the appellant had leased. The garages and the house in which the plaintiff resided, were not owned by the same person. He leased his living quarters from one individual, and the garage from another. At about nine o'clock on the evening of February 11, 1928, two deputy sheriffs stationed themselves in a position where they could observe the house and the garages. During the evening, from time to time, persons would come to the house, be admitted, and soon thereafter the appellant would leave the house and go to the garage which he had rented, and return again to the house. On the third trip, as he was leaving the garage, he was arrested.

One of the officers testified that, when the appellant would make these trips to the garage, he could hear the clinking or rattling of bottles. At the time the appellant was arrested, he had a paper sack in his arms which contained six bottles of home brew beer. The arrest took place, as the appellant says, twenty or twenty-five feet from the door of the garage, and, as one of the officers says, ten or twelve feet. After the arrest, one of the officers took the key of the garage from the appellant's pocket, unlocked the garage and there was found therein two or three gallons of moonshine whiskey, a gallon and a half of wine and four cases of beer. After the arrest, the appellant was charged, tried and convicted, as above set out.

■ The first question is whether the officers had a right to search the garage. They, at the time, had a warrant authorizing them to search the residence of the appellant, together with all rooms and outbuildings connected therewith. Whether this search warrant was sufficient to cover the garage, it is not necessary here to inquire. The arrest of the appellant was legal, and as a result thereof the officers had the right, not only to search his person, but the garage, as well, which was in close proximity to the place of arrest, and which the officers had observed the appellant enter, on three occasions subsequent to nine o'clock and prior to 10:45 p. m., when he was arrested. *State v. Hughlett,* 124 Wash. 366, 214 Pac. 841; *State v. Basil,* 126 Wash. 155, 217 Pac. 720; *State v. Kittle,* 137 Wash. 173, 241 Pac. 962; *State v. Dutcher,* 141 Wash. 627, 251 Pac. 879.

■ After the appeal to the superior court, the appellant moved for a dismissal because the case was not brought on for trial within sixty days, and this presents the second question. The transcript from the justice court was filed in the superior court February 17, 1928. February 24, 1928, the appellant filed a motion in which he demanded an immediate trial. March 28, 1928, he filed a petition to suppress certain evidence. Upon this petition, a hearing was had and testimony taken. It was pending before the court until May 4, 1928, when it was denied. The appellant was tried in the superior court May 11, 1928. In support of his motion to dismiss, appellant relies upon § 2312, Rem. Comp. Stat., which provides that if an accused, unless his trial has been postponed on his own application,

". . . be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown."

In *State v. Miller*, 72 Wash. 154, 129 Pac. 1100, it was held that this statute was satisfied if the first trial was within sixty days, and that it did not apply to a second trial. In *State v. Jones*, 80 Wash. 335, 141 Pac. 700, that case was referred to with approval. It is true that, in each of those cases, the prior trial had been in the superior court, but we see no reason why the same rule should not apply to a trial before a justice of the peace. Even though the statute does not apply, an accused, nevertheless, has the right to a speedy trial. What is a speedy trial, must, of necessity, depend upon the facts and circumstances of the particular case, and something must be left to the discretion of the trial court in such a matter. In this case, the appellant was out on bond. He had made a motion to suppress evidence, which was pending until less than ten days prior to the time the case was set for trial, and no jury was in attendance before which he could have been tried prior to that time. Under these facts it cannot be said that the trial court abused its discretion in not giving the appellant an earlier trial.

The judgment will be affirmed.

MILLARD, FULLERTON, PARKER, and FRENCH, JJ., concur.