## WIDA et al. v. UNITED STATES.
### No. 9141.

Circuit Court of Appeals, Eighth Circuit.
Sept. 15, 1931.

Frederick J. Miller, of Little Falls, Minn., for appellants.

Lewis L. Drill, U. S. Atty., and O. A. Blanchard, Asst. U. S. Atty., both of St. Paul, Minn.

Before STONE and GARDNER, Circuit Judges, and YOUMANS, District Judge.

STONE, Circuit Judge.

This is an appeal from convictions on an indictment containing two counts, the first for felonious possession and control of an unregistered still used and intended for use in the manufacture of whisky, and the second for the felonious making of mash fit for distilling of spirits.

The sole matter presented by this appeal is the action of the court in denying applications to suppress evidence which the government concedes is necessary to the conviction. The facts are that two government agents had information and complaints that liquor was being distilled at the farmhouse of appellant Wida and went there to investigate. As they approached the house, they smelled the odor of mash which they recognized as that made for the purpose of distilling spirits. They went to the door where Wida appeared. Whereupon, the agents asked him his name and then told him that they were federal officers and said: "You are under arrest for having fermenting mash in your possession." One of them asked him where his still was, and Wida motioned toward the basement and said: "It is in the basement." Wida stated that the still was his and that he had been operating it for the past month, cooking out an average of twenty gallons of moonshine whisky a day. He said he was not selling it himself but that there was another man who sold it, coming about twice a week when he brought sugar and other materials for the distillery and took away the moonshine whisky. One of the agents entered the basement and found a still in operation and barrels containing fifteen hundred gallons of fermenting mash, some moonshine whisky, empty kegs, and other paraphernalia. The agents took samples of the mash and whisky and destroyed the remainder. Appellant Taylor was discovered trying to escape when he was arrested. He stated that he was working for Wida and his duties were to assist with the chores and the distillery.

The contention is that this distillery was in the residence of appellants and, as there was no search warrant or contention that any sale of liquor had been made at the house, the seizure was unlawful under section 39, title 27, USCA, and the related section 53, title 18, USCA. The first of these sections is a part of the National Prohibition Act and the pertinent part thereof is as follows: "No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house." Section 53 makes it a misdemeanor for any

federal officer to "search any private dwelling as defined in Title 27 (National Prohibition Act), and occupied as such dwelling, without a warrant directing the search." The answering contention of the government is that the search was made as incident to an arrest for a crime committed in the presence of the officers. Appellants challenge the lawfulness of this arrest and, although not very distinctly urged, it may be said inferentially they challenge the validity of the search even though the arrest be lawful.

The validity of this arrest is beyond successful challenge. Before going to this place, the officers had received information and complaints that Wida had a still in operation at his home and they went about one hundred and twenty miles to investigate the accuracy of this information. They had a right to go to the house for this purpose, and when they arrived there, and before entering the house, they received unmistakable evidence, through the strong odor of the fermenting mash, that their information was correct. Immediately upon ascertaining the identity of the appellant Wida, they made the arrest. "Where an officer is apprised by any of his senses that a crime is being committed, it is being committed in his presence, so as to justify an arrest without warrant." McBride v. U. S., 284 F. 416, 419 (C. C. A. 5). To the same effect: Garske v. U. S., 1 F.(2d) 620, 623, this court; Lee Kwong Nom v. U. S., 20 F.(2d) 470, 472 (C. C. A. 2). Where a crime, even a misdemeanor, is committed in the presence of an officer he may make an arrest and, as incident thereto, make a search of the immediate premises for matters connected with the crime for which the arrest is made. Marron v. U. S., 275 U. S. 192, 198, 48 S. Ct. 74, 72 L. Ed. 231; Agnello v. U. S., 269 U. S. 20, 30, 32, 33, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; Carroll v. U. S., 267 U. S. 132, 158, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Weeks v. U. S., 232 U. S. 383, 392, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Stark v. U. S., 44 F.(2d) 946 (C. C. A. 8); Billingsley v. U. S., 16 F.(2d) 754, 756 (C. C. A. 8); Garske v. U. S., 1 F.(2d) 620, 622 (C. C. A. 8); Green v. U. S., 289 F. 236, 238 (C. C. A. 8); U. S. v. Gowen, 40 F.(2d) 593 (C. C. A. 2); Lee Kwong Nom v. U. S., 20 F.(2d) 470, 472 (C. C. A. 2); U. S. v. Kirschenblatt, 16 F.(2d) 202, 203 (C. C. A. 2); Walker v. U. S., 7 F.(2d) 309, 311 (C. C. A. 9); Sayers v. U. S., 2 F.(2d) 146, 147 (C. C. A. 9); Park v. U. S., 294 F. 776, 783 (C. C. A. 1); Vachina v. U. S., 283 F. 35, 36 (C. C. A. 9); Kathriner v. U. S., 276 F. 808 (C. C. A. 9); Wiggins v. U. S., 272 F. 41, 44, 45 (C. C. A. 2). Of course, the case is stronger where the arrest is for a felony because this may be aided by information not immediately appealing to the senses of the officers at the time of making the arrest. In this case such additional evidence is supplied by the information and complaints which took them to the Wida place.

It is contended that, assuming the agents could tell that a crime was being committed, they could not tell who was committing it and, therefore, the arrest of Wida was improper. There is certainly no ground for this contention as the agents had information that Wida was running a distillery at this place and as soon as they smelled the mash and ascertained that the individual who came to the door was Wida, they arrested him.

Obviously, the search and seizure of the still and the fermenting mash was proper under the above and many other authorities unless section 39 of title 27, USCA, partially quoted above, absolutely prevents any search of a dwelling unless it be upon a search warrant upon information of illegal sales therein. Any such contention is conclusively answered by this court in Garske v. U. S., 1 F.(2d) 620, 622, where it is said: "The constitutional provision referred to against search and seizure has reference to general searches for the purpose of obtaining evidence, and has no reference to evidence obtained from the person after legal arrest in a proper case with or without warrant." If it be said that, although the Constitution may not have applied to searches made after legal arrest, yet the above statute goes further and does so limit this character of searches, it is a sufficient answer to see the probable results of such a construction. The obvious result would be that a man could openly and notoriously conduct a distillery in his own house which the officers might see and smell and absolutely know was there, and yet there could be no search of these premises because the officers were unable to prove a sale of liquor on or from the premises. It is obvious that the purpose of the above section was to prevent searches and seizures in dwellings upon mere information derived from outside sources and not of a character or at a time to constitute the commission of a crime in the presence of the officers. Another absurd result would be that the officers might arrest as for a commission of a crime in their pres-

ence but could not search for and seize the evidence of the crime palpable to their senses at the time and which evidence would be sufficient to justify the arrest.

We hold: (1) That where officers have reasonable information that a felony is being committed at a certain place they are justified in making a proper investigation at that place to ascertain whether such information is correct; (2) that if, while on such premises for that purpose, they are apprised by their senses that the felony in question is then being committed in their presence, they have a right to arrest the suspected person for the commission of that felony; (3) that as an incident to such arrest, they have the right at the time to make a search of the immediate premises for other evidence of the commission of that felony; and (4) that the statutes here relied on by appellants do not prohibit such arrest and such search.

Also it is said that the odor of the fermenting mash was not sufficient to justify an arrest on the theory of an offense committed in the officers' presence. The citations of the McBride, Lee Kwong Nom, and Garske Cases, above, answer this contention.

The evidence as to defendant Taylor makes his case somewhat different, but even weaker. He was a mere hired hand at this place, and he is not within the protection of either the Fourth Amendment or the above sections of the statutes, since Wida was the owner of the home and it is not contended that any search was made of anything belonging to Taylor.

The judgment of conviction should be, and is, affirmed.