## VECCHIO v. UNITED STATES (four cases).
### Nos. 9155–9158.

Circuit Court of Appeals, Eighth Circuit.
Oct. 27, 1931.

Paul J. Garrotto, of Omaha, Neb. (Wear, Moriarty, Garrotto & Boland, of Omaha, Neb., on the brief), for appellants.

Edson Smith, Asst. U. S. Atty., of Omaha, Neb. (Charles E. Sandall, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., Robert Van Pelt, Asst. U. S. Atty., of Lincoln, Neb., and Lawrence I. Shaw, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before KENYON and GARDNER, Circuit Judges, and REEVES, District Judge.

KENYON, Circuit Judge.

Appellants are husband and wife. For convenience they will be designated as defendants. An indictment in two counts was returned against them in the District Court of the United States, Omaha Division, District of Nebraska, on February 11, 1930, charging them in the first count with unlawfully selling intoxicating liquor, and in the second with unlawfully having intoxicating liquor in their possession. May 24, 1930, another indictment in four counts was returned in the same court against them charging unlawful sales and possession of intoxicating liquors. Motions to quash both indictments and suppress certain evidence claimed to have been illegally secured and used were overruled. The two cases were consolidated for trial and the jury as to both cases found both defendants guilty on each and every count. The sentences under the two indictments as to each of the defendants were to be served concurrently. Defendant Mary Louise Vecchio was placed on probation, but the probation was subsequently annulled because of her violation of the provisions thereof.

We may group the questions presented on appeal as follows: (a) Claimed error in the introduction of certain evidence secured under a search warrant; (b) error in admitting certain evidence obtained without a search warrant from defendants' dwelling house; (c) prejudicial instructions of the trial court.

The question whether the search warrant was illegal is raised as to the first indictment. This search warrant was issued by Mary A. Mullen, United States Commissioner, upon the request and affidavit of one William O'Connor, which recited that the National Prohibition Act was being violated at a certain place, described as a one-story frame and basement residence building, with yard and outbuildings wherein and whereon there was being kept for sale and sold intoxicating liquor, and that said building was located at 1213 South Seventh street (Parkwilde avenue), Omaha, Neb.; that he there purchased from a woman whose name was unknown to him four quarts of beer which contained more than one-half of one per cent. of alcohol by volume and was fit for beverage purposes; also one-half pint of whisky, for which he paid $1.75. The Commissioner found there was probable cause to believe that the grounds set forth in the application and affidavit existed and that the law was being violated as charged, and issued a search warrant under which the officers proceeded on November 6, 1929, to search the premises described in the search warrant, which it seems was defendants' home. Mr. Irwin, who was a Federal Prohibition Agent, executed the search warrant, accompanied by Mr. Zersan, another Prohibition Agent. He testified at the trial to the search under the warrant and the securing of six gallons of whisky, a gallon of wine and some ninety quarts of beer. These were turned over to the chemist in the Prohibition Department, and he testified as to the alcoholic content of all this

liquor, some of which contained 43.3 per cent. alcohol by volume, and was fit for beverage purposes. Mr. Zersan, Federal Prohibition Agent, testified also as to the alcoholic content of the liquors and their fitness for beverage purposes. The motion to suppress the evidence secured in the search was based on the claim that the affidavit of O'Connor did not contain a sufficient showing that probable cause existed for the issuance of the search warrant, that the statements of the affidavit were mere conclusions and were not statements of facts known to O'Connor. The court had a hearing upon the motion and denied the same.

Section 613, title 18, USCA, provides as follows: "A search warrant can not be issued but upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched."

Sections 614 and 615 are as follows:

Sec. 614. "The judge or commissioner must, before issuing the warrant, examine on oath the complainant and any witness he may produce, and require their affidavits or take their depositions in writing and cause them to. be subscribed by the parties making them."

Sec. 615. "The affidavits or depositions must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist."

Section 39, title 27, USCA, provides in part: "No search warrant shall issue to search any private dwelling occupied as such unless it. is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house."

O'Connor testified in the trial that on November 1, 1929, he went to the residence described in the affidavit and got four large bottles and a small bottle supposed to be whisky from a lady; that he was satisfied the lady sitting at the table in the courtroom, Mrs. Vecchio, was the lady; that when he went out with the bottles of beer and the pint of whisky which he had secured from her, two federal men took them away from him, and on cross-examination he stated that at the time he made his affidavit he was not sure "that this was the woman that sold it to me. In my own mind I was satisfied, but still there was a doubt there." And on redirect he testified that in. his own mind he was satisfied that the defendant Mrs. Vecchio was the woman.

The government denies the right of defendants to question, six months after the motion to suppress was heard and overruled, the truth of the facts stated in the affidavit and to controvert the same, claiming the procedure, if it is desired to controvert the grounds of a search warrant, must be under section 625, title 18, USCA. Passing this question and assuming that defendants were entitled to controvert the facts of the affidavit at the trial the effort was not a success. There was ample stated in the affidavit to warrant the issuance of the search warrant, and the evidence at the trial tended to corroborate the affidavit. O'Connor asked for and paid for the whisky and received a bottle in response to his request, which was presumably what he ordered and paid for. Lewinsohn v. United States (C. C. A.) 278 F. 421. It is apparent that O'Connor was familiar with beer and whisky, and competent to express an opinion as to the alcoholic content of the liquors purchased by him and its fitness for beverage purposes. Albert v. United States (C. C. A.) 281 F. 511; Benson v. United States (C. C. A.) 10 F.(2d) 309.

Defendants rely on Siden v. United States, 9 F.(2d) 241, a decision of this court. We do not see the applicability of that case to this situation. The court there held that where facts on which the magistrate's conclusion of probable cause for issuance of a search warrant was based were not stated in affidavits, depositions, or testimony on which such a conclusion could properly be based, that the search warrant was wrongfully issued. Here the facts were stated showing probable cause. The place to be searched was specifically described. O'Connor evidently at the trial did what he could to weaken his identification of Mrs. Vecchio but the attempt was not successful. In our opinion there was sufficient basis in O'Connor's affidavit to warrant the issuance of the search warrant.

The second proposition advanced is that certain evidence consisting of liquors was secured by a search without a search warrant and used in the trial as to the second indictment, and that defendants' constitutional rights were violated. This liquor was taken under these circumstances: On April 7, 1930, Prohibition Agent Bay went to the residence of defendants and bought from defendant Mrs. Vecchio a pint of whisky for $1.50 and agreed with defendant Jack Vecchio, to buy from him five gallons of alcohol at $12 a gal-

lon. In the evening he returned with other agents, who remained outside while he went into the house, where he gave Vecchio three marked $20 bills. Bay then commenced to carry the alcohol out to his car parked near the house. He returned and took out three more gallons of alcohol to the car. Forsling, one of the Prohibition Agents, who was on watch outside of the house, and who had checked and marked the money given to Vecchio by Bay, followed Bay back into the house. Men were sitting at the tables drinking and there was ample in the way of whisky in bottles upon the tables. Forsling told Vecchio that he was under arrest, searched him, and took from him the marked money. Then in company with the other officers they searched the house and seized alcohol, whisky, and beer in large quantities being the property set forth in count 3 of the second indictment. This property was used in evidence. Was it secured in violation of the Fourth Amendment to the Constitution?

■ An officer may arrest a party committing a crime in his presence and as an incident to said arrest search the immediate premises and seize the things having relationship to said crime and such search is not a violation of the Fourth Amendment to the Constitution. In Agnello v. United States, 269 U. S. 20, 30, 46 S. Ct. 4, 5, 70 L. Ed. 145, 51 A. L. R. 409, the rule is clearly laid down as follows: "The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, as well as weapons and other things to effect an escape from custody is not to be doubted." Green et al. v. United States (C. C. A.) 289 F. 236; Brock v. United States (C. C. A.) 12 F.(2d) 370; Dibello v. United States (C. C. A.) 19 F.(2d) 749; Woodcock v. United States (C. C. A.) 33 F.(2d) 485. Wida et al. v. United States (C. C. A.) 52 F.(2d) 424 (opinion filed September 15, 1931) is a case closely analogous to the case at bar.

■ Here a crime was being committed in the presence of an officer—in fact several crimes. Vecchio was lawfully arrested, and therefore the right existed to search the place and to seize the things connected with the crime. The liquor used in evidence on the second indictment was secured after a lawful arrest —hence no search warrant was necessary, and the evidence was properly admissible.

The third question urged is with relation to the instructions of the court. The part objected to is the following: "I don't know as it calls for any further instructions in the case. However, in spite of that presumption you, gentlemen of the jury, understand absolutely that I, the judge, have nothing to do with what your verdict should be, and you are not bound by any opinion that I might have about the case or reflect before you. It seems to me though that there are some of these charges that have been so clearly proven here that the jurors would hardly want to go up the stairs to deliberate about them, but yet that would be entirely for your judgment. If, however, the jury was sufficiently certain as to those counts that they would feel that sitting right in the box there they could reach a unanimous conclusion about it the jury would have a right to do that. I don't know though, I guess that there are so many of the counts that it would hardly be feasible for you to go over the counts unless you retire to your jury room. You will have to go over the counts in the jury room and return a verdict of guilty or not guilty as to each count of the charge. There are too many counts for you to discuss them here in the courtroom."

■■ It is earnestly contended that the court went beyond his legitimate province of commenting on the evidence and entered the domain of argument. This court has had considerable to say on the question of the argumentative nature of instructions in criminal cases. As the court cannot instruct a verdict of guilty directly, it has no right to do that very thing indirectly, and we have not hesitated to reverse cases where the instructions of the court practically amounted to an argument that the defendant was guilty. Of course the court has a right to make legitimate comments on the evidence and is not limited merely to stating what the evidence is. In Cook v. United States, 18 F.(2d) 50, 51, this court said: "No hard and fast rule can be laid down as to just how far a court may go. It is settled by practically all the decisions that the trial court may comment upon the evidence and express his opinion upon the facts, provided he is careful to see that the jury understands that their province of dealing with the fact questions involved is not invaded." Cook v. United States (C. C. A.) 14 F.(2d) 833; Cline v. United States (C. C. A.) 20 F.(2d) 494; Dinger v. United States (C. C. A.) 28 F.(2d) 548; Spalitto v. United States (C. C. A.) 39 F.(2d) 782; Buchanan v. United States (C. C. A.) 15 F.

632

(2d) 496; Weare v. United States (C. C. A.) 1 F.(2d) 617. If the statement of the court "that there are some of these charges that have been so clearly proven here that the jurors would hardly want to go up the stairs to deliberate about them" stood alone, we should feel that the question presented was a serious one, but taking the entire instructions together and the statement of the court made thereafter, that it would hardly be feasible for them to go over the counts unless they retired to their jury room, and the other statements in the instructions that the court had nothing to do with their verdict and that they were in no way bound by its opinion or what it might say about the case, it seems to us that there is not sufficient prejudice in the particular statement objected to to warrant a reversal of this case. The court was very careful to impress upon the jury that they were the triers of fact questions and should not be influenced by any opinion of his as to the facts. There is some doubt whether the exception to the alleged erroneous instruction of the court was taken in time. We do not find it necessary to determine that.

We have not discussed the question suggested as to the sufficiency of the evidence on the sale count of the first indictment because there seems to be no doubt as to the sale of beer and whisky to O'Connor, and that said liquors contained sufficient alcohol to make the sale a violation of law. The latter was shown by the testimony of the government chemist as well as by the opinion of O'Connor.

We are satisfied that the search warrant was issued upon probable cause supported by the O'Connor affidavit; that the searches and seizures complained of did not violate any constitutional rights of defendants; that there was no reversible error in the instructions of the court; and that the evidence showed the guilt of defendants beyond any reasonable doubt.

The judgments of the trial court as to both defendants are affirmed.