OCCINTO v. UNITED STATES.

LALUNA v. SAME.

Nos. 9204, 9205.

Circuit Court of Appeals, Eighth Circuit.

Nov. 17, 1931.

Paul J. Garrotto, of Omaha, Neb. (Wear, Moriarty, Garrotto & Boland, of Omaha, Neb., on the brief), for appellants.

Edson Smith, Asst. U. S. Atty., of Omaha, Neb. (Charles E. Sandall, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., Robert Van Pelt, Asst. U. S. Atty., of Lincoln, Neb., and Lawrence I. Shaw, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and SANBORN, District Judge.

STONE, Circuit Judge.

These are appeals from convictions for violations of the Internal Revenue Act (Rev. St. §§ 3266, 3281, 3282 [26 USCA §§ 291, 306, 307]) relating to distilled spirits. The indictment was against both of the defendants and in five counts. The first count charged the making of mash, fit for production of alcoholic spirits, in a barn in Douglas county, Neb., not being a duly authorized distillery; the second count covered the fermentation of the mash; the third count covered the separation of alcoholic spirits from fermented mash in the same place, the defendants not being authorized distillers; the fourth count charged carrying on the business of distillers of alcoholic spirits in the same place with intent to escape the tax thereon, the fifth count charged the use of two stills "in the barn within the enclosure connected with the dwelling house." Under instructions of the court, the jury brought in a verdict upon the fifth count and found both defendants guilty under each of the other counts.

The first matter presented here is the claimed illegality of the search and seizure of the stills and other articles which were introduced in evidence. Before the trial, the defendants filed a motion to suppress this evidence on the ground that it had been procured by an unlawful search and seizure. This motion was supported by the affidavit of one of the defendants, Fred Laluna. This affidavit set forth that this barn was the home and residence of Laluna and that it had been entered without a search warrant at the time the articles were found and taken therefrom. Laluna makes no claim to the ownership of the stills and other illicit articles sought to be recovered. In this situation he is in no position to complain of their being used as evidence, and this alone is enough to dispose of this matter. It may be said, however, that the evidence clearly

establishes that this barn was not used as his residence and his contention in that regard is obviously false and frivolous.

■ In connection with this point, appellant argues that there was no valid arrest and that the search preceded the arrest. The facts clearly shown by the evidence are that the agents, with very good reason to believe that liquor was being unlawfully distilled in this barn, approached it, and one of them, through a crack in the barn, saw the stills in operation. Thereafter, they arrested the defendants, who were in the barn tending the stills, and, thereafter, made a search therein and found the articles which were the subject of this motion to suppress. This was sufficient to authorize the arrest and the search as an incident thereto. Wida v. United States, 52 F.(2d) 424, opinion filed in this court September 15, 1931; Vecchio v. U. S., 53 F.(2d) 628, opinion filed in this court on October 27, 1931. As to appellant Occinto, who was merely a helper with no claim of living at the barn, there is no semblance of a basis to exclude this testimony.

■ Another matter urged here is the inconsistency of the verdict in that the jury found the defendants not guilty under count 5 and guilty on the other counts. This matter of inconsistency of verdicts in criminal cases has been considerably overworked and should be closely limited, as it usually has but one result, which is a defeat of justice, but in no possible view was this verdict inconsistent. Only four counts were submitted to the jury for decision. The charge of the court in this respect was as follows:

"The fifth count of the indictment I think has been substantially abandoned by the Government. It concerned the fermentation of mash in a barn connected with a dwelling house. There appears to have been in this case a disconnection between the barn and the dwelling house. A road runs between them and the barn appears to have been rented. So on the fifth count a verdict of not guilty may be brought in by the jury.

"You have the four counts to consider, gentlemen."

The fifth count covered a situation different from the other four. Although each of the five counts covered illicit operations in the barn, the fifth count added the qualification that it was in a barn connected with the dwelling house, and the evidence clearly showed these defendants had rented only the barn, so that there was no legal connection as to them between the barn and the dwelling house.

■ Another matter argued relates to the charge of the court regarding the illegality of the search and seizure and the refusal of the court to give a requested charge as to the same matter. The charge given by the court is as follows: "I shall advise the jury that the matter brought forward in behalf of the defendants, concerning the validity of the search, that is, the lawfulness of the entry upon the premises by the officers in question has been laid before the court and has been considered by the court and the court finds that no illegality has been shown tending to show a defense for the defendants or either of them; that the issues for the jury to decide are the guilt or innocence of the defendants on the evidence that has been adduced."

The request which was refused is as follows:

"At this time the defendants request that, so long as the Court has informed the jury, that in the judgment of the Court the illegality of the search has not been established, that the Court submits to the jury by an instruction, that should they find that the officers entered the premises without a legal search warrant, and should they further find that the defendant Laluna lived in the premises and used said premises as his home, that they find the defendant not guilty.

"The Court: By that request you request the court to submit the question of legality or illegality of the search to the jury. The request is denied and exception is allowed.

"Mr. Garrotto: The defendants at this time also request the court to instruct the jury that should they find that the Defendant Laluna was domiciled in said premises and that the Defendant Occinto was there in the premises as an agent or employee or lessee or permittee of the Defendant Laluna, that they shall also find the defendant Occinto not guilty.

"The Court: That is also, I take it, a request to submit the question of the illegality or legality of the search to the jury. The request is denied and exception is allowed."

■ The action of the court in both of these matters is clearly correct. The question of the illegality of the search and seizure was a matter relating to the admission of evidence which is purely for the court and in this case was determined by the court

before the trial. Steele v. U. S., 267 U. S. 505, 511, 45 S. Ct. 417, 69 L. Ed. 761.

The insufficiency of the evidence to show guilt is urged by appellant Occinto. The evidence of defendant Laluna, who seems to have been the main mover in this illegal transaction, is that Occinto "was helping me. Once in a while he come out there to help me." This was abundant evidence of guilt, not to speak of the fact that Occinto was there in this isolated place at 4 o'clock in the morning when this raid was made.

The judgment is affirmed, and the mandate ordered to issue forthwith.