## Application of ROSE.

District Court, W. D. New York.
March 6, 1940

Anthony S. Picciotti, of Rochester, N. Y., for petitioner.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., and Goodman A. Sarachan, of Rochester, N. Y., for the United States.

BURKE, District Judge.

On September 5, 1939, three investigators of the Alcohol Tax Unit of the Bureau of Internal Revenue, having received information that a still was being manufactured in a tinsmith shop on Lyell Avenue in the City of Rochester, proceeded with the informer to the location designated by him. According to the information certain parts of the still had been removed to a garage not on the premises but in the vicinity of the tinsmith shop. Two of the investigators went to the garage and looking through a window saw various parts of equipment designed to be used in connection with the operation of a still. Walking past the tinsmith shop they saw through an open door two men making equipment for a still. They entered the shop and placed the two men under arrest. Upon questioning the men stated that they were employed by one Sam Rose (the petitioner) and that certain sections of the still had

been removed to the garage because they took up too much room in the tinsmith shop. One of the investigators went to the house nearby where the garage was located. There he asked a woman, who represented herself to be the owner, to whom she rented the middle stall of the three car garage where the still equipment had been seen. She stated that it was rented to the petitioner who operated the tinsmith shop. Two of the investigators taking with them the two men who had been arrested went before a United States Commissioner, leaving one investigator at the tinsmith shop. They then returned to the tinsmith shop. Meanwhile the petitioner, who was not present at the time of the arrest, had returned to the tinsmith shop and was placed under arrest upon admitting that he was the proprietor. He was charged with a violation of Title 26 U.S.C.A., Int.Rev.Code, § 3250(j), which imposes a special tax on manufacturers of stills and a separate tax for each still made. He was questioned by the investigators regarding the garage and was asked by them to produce a key but replied that his boy had the key and that he was out making deliveries. Thereupon the agents left the tinsmith shop, went to the garage, broke the lock and made a search which disclosed various parts of a still which they seized and are now holding as evidence to be used against the defendant. The petitioner moves to suppress the evidence so obtained upon the ground that the search and seizure were illegal and in violation of his constitutional rights.

■ The Government concedes that the garage was not part of the premises on which the tinsmith shop was located. Nor was it contiguous. The tinsmith shop was located at 116 Lyell Avenue. The garage was the center stall of a three car garage located in the rear of 108 Lyell Avenue. This was two doors away from the premises of the tinsmith shop and wholly disconnected physically. It is the contention of the government that search of the garage was proper in connection with the arrest of the petitioner, because a crime was being committed in the presence of the investigators, to wit,

removing or concealing goods or commodities in respect whereof a tax has been imposed with intent to defraud the revenue. 26 U.S.C.A. Int.Rev.Code, § 3321 (a). The petitioner, however, was not charged with such violation upon his arrest. This is in effect an attempt to justify the search as an incident to the arrest of the petitioner. It may not, however, be justified on that ground because the search was not made at the place of arrest. Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409; Papani v. United States, 9 Cir., 84 F.2d 160, 163. I can see no difference in the principle involved whether the search was made several doors away as in this case or several blocks away as in the Agnello case. The arrest if lawful serves the function of a search warrant. Papani v. United States, supra. The arrest conferred no greater right of search upon the investigators than if they had been armed with a valid search warrant describing the premises where the arrest was made. United States v. Lefkowitz, 285 U.S. 452, 464, 52 S.Ct. 420, 76 L.Ed. 877, 82 A.L.R. 775.

■ The investigators by their own statement had ample evidence to secure a search warrant. They had seen the still equipment in the garage before they arrested the petitioner. There was no need for apprehension that the situation would change or that the articles would be removed from the garage before a search warrant could be procured. One of the investigators could have remained to guard against such a happening while a search warrant was being procured. A United States Commissioner was available. Two of the investigators had just returned from his office. Under the circumstances it was reasonably practicable to secure a search warrant covering the garage. This course should have been pursued instead of forcing an entry. Carroll v. United States, 267 U.S. 132, 156, 45 S.Ct. 280, 39 A.L.R. 790; Taylor v. United States, 286 U.S. 1, 6, 52 S.Ct. 466, 76 L. Ed. 951; In re Milburne, 2 Cir., 77 F.2d 310, 311.

The motion is granted.