[Crim. No. 5816.   In Bank.   May 4, 1956.]

THE PEOPLE, Respondent, v. DOROTHY DIXON, Appellant.

*Assigned by Chairman of Judicial Council.

Dorothy Dixon, in pro. per., John H. Marshall and Henry S. Rupp for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

TRAYNOR, J.—Defendant appeals from a judgment of conviction entered after the court sitting without a jury found her guilty of one count of possessing heroin. (Health & Saf. Code, § 11500.) She also appeals from an order denying her motion for a new trial.

Defendant resided in a court apartment rented from Ramona Lopez, who occupied another apartment of the same court. Sometime during the evening of November 29, 1954, Officer O'Grady of the Narcotic Division of the Los Angeles Police Department entered and searched the apartment of Mrs. Lopez but failed to find any narcotics or substances commonly used in cutting them.

Thereafter, at about 10:30 p. m., Officer O'Grady, accompanied by Officer Kennedy and State Narcotics Inspector Wells, entered defendant's apartment, placed her under arrest, and told her to remain seated on the bed while they searched her apartment. They did not have a warrant. In defendant's kitchen cupboard they found an opened carton of milk sugar, which is used to cut heroin. Officer O'Grady testified that defendant appeared extremely nervous and on several occasions got up and "wandered around" the room while the officers were searching it. He told her that if she did not remain seated until they finished, it would be necessary to handcuff her. She insisted on going to the bathroom and told him that she had recently aborted herself and that

she was "having difficulties." He offered to call a doctor for her if one was necessary or to see that she received medical attention before going to jail. As he turned his back, she took something from the upper part of her dress. He ordered her to hand it to him, and when she refused and made a motion to place it in her mouth, he and the other officers seized her arms to keep the object from her mouth. She kicked one of the officers, and in the ensuing struggle they lifted her onto the bed and forced a key from her hand. She admitted that it was the key to one of the apartment garages rented by her. Officer O'Grady and Inspector Wells entered the garage and found 10 latex bags containing preparations of heroin that had been cut with milk sugar. Defendant produced keys to two other garages. In one of them the officers found a box of empty capsules.

People's case was submitted on the testimony in the transcript of the preliminary hearing and the exhibits received at that hearing including the heroin, capsules, and milk sugar.

■ Her contention that the judgment must be reversed on the basis of *Rochin* v. *California,* 342 U.S. 165 [72 S.Ct. 205, 96 L.Ed. 183, 25 A.L.R.2d 1396], because the narcotics were found only after the garage key was forcibly taken from her is without merit. The brutal and shocking force condemned in that case was not present here; no more force was used than was reasonably necessary to take the key from her hand.

■ It follows, however, from the officer's own testimony that they had no warrant and from the absence of any evidence to justify their entry, arrest, and search that the evidence was illegally obtained and should therefore have been excluded. (*People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905]; *Badillo* v. *Superior Court, ante,* p. 269 [294 P.2d 23].) ■ Defendant's testimony in explanation of her possession of the narcotic that Mrs. Lopez forced her to keep it revealed that she knowingly possessed it. This testimony, however, was impelled by the erroneous admission of the illegally obtained evidence and cannot be segregated from that evidence to sustain the judgment. (*Silverthorne Lbr. Co.* v. *United States,* 251 U.S. 385, 392 [40 S.Ct. 182, 64 L.Ed. 319, 24 A.L.R. 1426]; *People* v. *Berger,* 44 Cal.2d 459, 462 [282 P.2d 509]; *Badillo* v. *Superior Court, supra, ante,* p. 269.)

■ It remains only to add for the guidance of the trial court (Code Civ. Proc., § 53) that if on a new trial reason-

able cause is shown for the entry of defendant's apartment and her arrest (Pen. Code, §§ 836, 844; see *People* v. *Martin,* 45 Cal.2d 755, 762 [290 P.2d 855]; *People* v. *Maddox, ante,* p. 301 [294 P.2d 6]; *Willson* v. *Superior Court, ante,* p. 291 [294 P.2d 36]), the contemporaneous search of the garage, would be a lawful search as an incident to that arrest since the garage was on the premises and under defendant's control. (See *United States* v. *Pisano,* 193 F.2d 361, 363-364; *Kelley* v. *United States,* 61 F.2d 843, 846-847 [86 A.L.R. 338]; *Dibello* v. *United States,* 19 F.2d 749, 750-751; *United States* v. *Charles,* 8 F.2d 302; *Fryar* v. *United States,* 3 F.2d 598-599; *Sayers* v. *United States,* 2 F.2d 146, 147-148; *State* v. *Estes,* 151 Wash. 51 [274 P. 1053, 1054]; *cf. Agnello* v. *United States,* 269 U.S. 20, 33 [46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409]; *Application of Rose,* 32 F.Supp. 103, 104; *People* v. *Gorg,* 45 Cal.2d 776, 782 [291 P.2d 469].)

The judgment and order are reversed.

Gibson, C. J., Schauer, J., and McComb, J., concurred.

CARTER, J.—I concur in the judgment of reversal but prefer to base my concurrence upon the legal proposition that the conduct of the law enforcement officers here not only amounted to a violation of defendant's right of privacy guaranteed by the Fourth Amendment to the Constitution of the United States and section 19 of article I of the Constitution of California but also amounted to a denial of due process of law guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States as interpreted by the Supreme Court of the United States in the case of *Rochin* v. *California,* 342 U.S. 165 [72 S.Ct. 205, 96 L.Ed. 183, 25 A.L.R.2d 1396].

SPENCE, J.—I dissent.

The record clearly shows that defendant had committed and was committing a felony at the time of her arrest. I am therefore of the opinion that the arrest was lawful (Pen. Code, § 836, subd. 2); that the search made as an incident of that arrest was a reasonable search; and that the evidence obtained as the result of such search was properly admitted. (See dissenting opinion in *Badillo* v. *Superior Court, ante,* pp. 269, 273 [294 P.2d 23].) I would affirm the judgment and the order denying a new trial.

Shenk, J., concurred.