[Crim. No. 4373. First Dist., Div. Three. Mar. 12, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. GLEN STAFFORD, Defendant and Appellant.

Clinton W. White, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Robert R. Granucci and Eric Collins, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Charged with possession of marijuana for sale (Health & Saf. Code, § 11530.5), defendant was found guilty by a jury of the lesser included offense of possession of marijuana (Health & Saf. Code, § 11530). He appeals from the ensuing judgment.

 Appellant contends that the marijuana admitted into evidence was the product of an illegal search and seizure by police. At about 10 p.m., a police officer talked to one Bathea on an Oakland street corner about three marijuana cigarettes lying on the sidewalk nearby. Bathea denied knowledge of the cigarettes, but consented to go to police headquarters to be searched. There he offered to help the police by telephoning sellers of marijuana. He consented to recording of his call, and at 11 p.m. dialed a number, and talked to a man he called Glen. Recording of this conversation was played to the jury. In it, Glen said that he had marijuana, but the conversation is ambiguous as to any offer by him to sell it. Bathea then drove with the officers, pointed out Glen's house, and, from a nearby public telephone booth, again placed a call. This conversation was not recorded, but an officer, with Bathea's consent, listened to it. Bathea again called the answering voice Glen, and sought to have that man deliver marijuana to him. Glen refused. This was at 11:30 p.m. The officers left on an unrelated errand, and returned without Bathea at 3 a.m. They forced defendant's door, found marijuana which defendant was attempting to flush down the toilet, and three marijuana cigarettes. The marijuana was admitted in evidence over defense objection that it was the product of an illegal search. Defendant took the stand, admitted possession of the marijuana, but denied sale or intent to sell any of it. There is no evidence that Bathea was a reliable informer. The police had not previously acted on information from him.

■ A search without a warrant is proper if incident to a lawful arrest based on reasonable grounds to believe that defendant has committed a felony (*People* v. *Torres,* 56 Cal.2d 864 [17 Cal.Rptr. 495, 366 P.2d 823]). ■ Bathea's statements alone do not establish this probable cause, since there is no showing that he was a reliable informer (*People* v. *Amos,* 181 Cal.App.2d 506 [5 Cal.Rptr. 451]). Respondent points to the rule that other information although insufficient in itself to constitute probable cause, may tend to justify reliance on the informer's statements (*Willson* v. *Superior Court,* 46 Cal.2d 291 [294 P.2d 36]). Nothing in the telephone conversations heard by the police corroborated in any way Bathea's statement of the location of the telephone whose number he dialed, and the police had no other information on that subject. They did not know what number was called. Did the unidentified speaker's admission that he then possessed marijuana either cause or justify reliance upon Bathea's statement of his address? Defendant points out that the officers were near the home ultimately raided when the second call was made. Nevertheless, they left the area and did not return until 3 a. m. to break in. ■ We need not determine this issue, however, since we have determined that defendant's testimonial confession renders the issue moot, and negates prejudice to him.

■ His testimony in the superior court cannot have that effect. That testimony, designed to deny possession of marijuana for purposes of sale, flatly admitted possession. But it followed admission of the marijuana in evidence. If that evidence was erroneously admitted, the testimony impelled by it cannot be segregated from it to sustain the judgment (*People* v. *Dixon,* 46 Cal.2d 456, 458 [296 P.2d 557]; *People* v. *Ibarra,* 60 Cal.2d 460, 463 [34 Cal.Rptr. 863, 386 P.2d 487]).

■ But the superior court record shows that defendant, when he appeared in the municipal court on this same charge, waived preliminary examination, took the stand, and freely and fully admitted possession of marijuana, denying only that he possessed it for sale. At that time he was represented by counsel of his own choosing, although not the same attorney who tried the superior court case and appears here.

This testimony was not impelled by judicial error, as was that in *Dixon* and *Ibarra.* There is no suggestion that defendant was in any way compelled to testify, and it is fair to presume that one represented by counsel is aware of his right against self-incrimination. The voluntariness of his municipal court testimony is emphasized by the fact that preliminary

examination in fact had been waived, and there was no conceivable reason, except his own wish, for him to take the stand at all. He elected to testify, and the testimony he thus chose to give, unlike an extrajudicial confession, is ample to establish the corpus delicti (*People* v. *Ditson,* 57 Cal.2d 415, 445 [20 Cal.Rptr. 165, 369 P.2d 714]; *People* v. *Herrera,* 221 Cal.App.2d 8, 13 [34 Cal.Rptr. 305]; *People* v. *Beach,* 212 Cal.App.2d 486, 492 [28 Cal.Rptr. 62]; *People* v. *Hill,* 2 Cal.App.2d 141, 155 [37 P.2d 849]).

Thus defendant's guilt of the offense of which he was convicted was established by evidence independent of that produced by the officers' search; error, if any, in that search does not immunize defendant from conviction upon other evidence; and no prejudice appears.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.